IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 3012 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| FUNDS IN THE AMOUNT OF THREE ) | |
| HUNDRED FOURTEEN THOUSAND NINE ) | |
| HUNDRED DOLLARS ($314,900.00), ) | |
| ) | |
| Defendant, ) | |
| ) | |
| SEAN KOHNEN, ) | |
| ) | |
| Claimant. ) | |

## MEMORANDUM OPINION AND ORDER

On January 8, 2005, claimant Sean Kohnen ("Kohnen") made the mistake of buying a one way ticket on an Amtrak train from Chicago's Union Station to his hometown of Los Angeles.[1] It was a mistake because Kohnen was carrying a suitcase containing $314,940 in U.S. currency. Members of the Chicago-based Drug Enforcement Administration ("DEA") Transportation Task Force noticed Kohnen's purchase of the one way ticket for a deluxe sleeper room just two hours before the train was scheduled to depart, and decided to question him on the train. Kohnen agreed to speak with the agents, and some of his answers to their questions were inconsistent with the facts as the agents knew them.

During the conversation, Kohnen denied that he had any luggage, although the agents noticed a medium sized suitcase on the floor of the sleeping compartment. Kohnen gave his verbal consent to a search of the bag, and the agents found nothing in the outer pockets. The

---

[1] The facts are taken from the government's complaint.

padlock on the zipper was locked, however, and Kohnen said that he had left the key with his friend who had driven him to the station. Kohnen appeared to make a cellular telephone call to his "friend" to retrieve the key, and was told by the agents that, although he was free to leave, the luggage was going to be detained until a narcotic odor investigation by a trained canine could be performed on it. Although Kohnen refused to consent to the canine investigation, the agents called in a narcotic sniffing dog, which gave a "positive alert for the presumptive presence of narcotic odor on the luggage." Kohnen consented to have his photograph and fingerprints taken, left the agents' office at the station, and did not return.

The next day a U.S. magistrate judge signed a warrant to search the contents of the detained luggage. The agents discovered the currency, which was then converted to a check and submitted to the DEA Asset Forfeiture Group to begin forfeiture proceedings because, according to the complaint, "there is probable cause to believe that the funds in the amount of . . . $314,940.00 were furnished or intended to be furnished in exchange for a controlled substance, are the proceeds from the sale of a controlled substance, or were used or intended to be used to facilitate a violation of the Controlled Substance Act, 21 U.S.C. § 801, *et seq.*, and are therefore, subject to forfeiture and condemnation pursuant to 21 U.S.C. § 881(a)(6)." No narcotics or drug paraphernalia were found in the luggage. This is where it begins to get complicated.

On February 8, 2005, DEA mailed a "Notice of Seizure" to claimant Kohnen at his address in Marina Del Ray, California (the "Notice"). The Notice described the property seized, the place of seizure, identified Kohnen as the person from whom the property was seized, and informed Kohnen that he could contest the forfeiture by filing a claim with the "Forfeiture Counsel of the DEA by March 15, 2005." The Notice also contained the following information:

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. **A PETITION, CLAIM OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The asset Id referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

Kohnen did as he was told. He sent his claim to the Quantico, Virginia address, and it was received there by the DEA on February 17, 2005.[2] Pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"), the government is required to file a civil complaint for forfeiture against seized property within 90 days after an administrative claim has been filed. 18 U.S.C. § 983(a)(3)(A). Failure to do so requires prompt release of the property seized. 18 U.S.C. § 983(a)(3)(B). The requirements of forfeiture statutes are strictly construed. U.S. v. Indoor Cultivation Equipment from High Tech Indoor Garden Supply, 55 F.3d 1311, 1317 (7th Cir. 1995); U.S. v. One 1991 Ford Mustang LX, 909 F. Supp. 831 (D. Col. 1996)[3]; see also U.S. v.

---

[2]The government concedes this fact, which is further verified by a postal service confirmation conducted by claimant Kohnen indicating that the claim was delivered to the DEA's Quantico, Virginia address on February 17, 2005, at 10:51 a.m. For some reason, it took the DEA a day to get the claim to its Arlington, Virginia, office, although in its response, the government admits that, "DEA's Asset Forfeiture Section initially receives its mail at the Quantico, Virginia address for security purposes."

[3]Theses cases were decided under the previous notice provisions, 21 U.S.C. § 888(c) and 21 U.S.C. §888-1, which required that the forfeiture complaint be filed within 60 days of the filing of the administrative claim. These provisions were replaced in 2000 by 18 U.S.C. § 983(a)(3)(A), which extended the government's filing deadline from 60 to 90 days.

3

$39,480 in U.S. Currency, 190 F. Supp. 2d 929, 931-32 (W.D.Tex. 2002) (noting that strict construction of CAFRA required dismissal of case and return of property where government filed civil complaint one day late, but denying claimant's motion on equitable grounds). Courts have ordered property returned where the government filed its civil complaint as little as one day late. See, e.g., One 1991 Ford Mustang, 909 F. Supp. 831 (two days late); U.S. v. One White 1987 Tempest Sport Boat Named "El Matador", 726 F. Supp. 7 (D.Mass 1989) (one day late).

The government's complaint in the instant case was filed May 19, 2005, ninety-one days after claimant Kohnen's complaint was received by the DEA's Quantico office, but on the 90th day from the date that DEA "deemed" the claim received in its Arlington office. Naturally, claimant Kohnen argues in his motion to dismiss[4] that the complaint was filed one day late, and thus the property must be returned. The government, of course, argues that the time did not begin to run until the DEA received the claim at the DEA's Arlington office, making the complaint timely. For the reasons discussed below, the court agrees with claimant Kohnen, grants summary judgment in his favor, and orders return of the seized property to him.

The strict construction required of this statute is a two way street. Had claimant Kohnen been merely one day late in filing his claim, no doubt the government would take the position that the claim would be barred – and properly so. See, e.g. In re Forfeiture of $34,905.00 in U.S. Currency, 96 F. Supp. 2d 1116, 1119 (D.Or. 2000) (DEA required to forfeit property where

---

[4]Although Kohnen filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), both parties have submitted papers outside the four corners of the complaint. The court therefore converts this motion to a Rule 56 motion for summary judgment. Kohnen further complains that the documents submitted by the government are not verified and should be disregarded or stricken. The court, however, deems these to be self-authenticating official records, admissible under Federal Rule of Evidence 803(8).

4

claimant failed to file claim within statutory period). Claimant cites the legislative history of CAFRA as being, "in part, a reaction to the perception that there was some inequity in imposing strict guidelines and sanctions on property owners contesting civil forfeiture actions, while not imposing similar deadlines and sanctions on the government." (Citing Stefan D. Casella, "The Civil Asset Forfeiture Reform Act of 2000: Expanded Government Forfeiture Authority and Strict Deadlines Imposed on all Parties," 27 J.LEGIS. 97, 125 (2001)); see also Civil Asset Forfeiture Reform Act, H.R. 105-358, 105th Cong., 1st Sess. (1997) at 23; LEGISLATIVE HISTORY: CIVIL ASSET FORFEITURE REFORM ACT (CAFRA) OF 2000 (May 2000) (published by the U.S. Department of Justice) at 246. Of course, the court need not resort to legislative history, since this statute is clear and unambiguous: both claimant and the government must comply strictly with the deadlines.

There is no question in the instant case that claimant Kohnen did just that. He was directed by DEA to file his claim with the "Forfeiture Counsel" of the DEA by March 15, 2005. The address of the Forfeiture Counsel in the Notice was "P.O. Box 1475, Quantico, Virginia 21134-1475." Kohnen's claim was received at that address on February 17, 2005. That is all the statute requires, and that is when the ninety days began to run.

The government's argument that, according to its own self serving Notice, DEA "deemed" the claim to be filed "when actually received by the DEA Asset Forfeiture Section in Arlington, Virginia," does not trump the statute. Indeed, that language in the Notice is disavowed in the government's response to claimant's motion, which admits that "DEA's Asset Forfeiture Section initially receives its mail at the Quantico, Virginia address for security purposes." (Emphasis added.) Under the statute, it is the "receipt" that triggers the ninety day

5

period. As claimant points out, DEA's internal regulations could easily have resulted in weeks or even months delay in getting the claim from its "Forfeiture Counsel" in Quantico to its "Asset Forfeiture Section" in Arlington. The statute does not permit such internal administrative niceties to delay the government's obligation to file its complaint within ninety days of receipt.

The government's complaint was filed ninety-one days after receipt of plaintiff's claim, beyond the ninety day period required by 18 U.S.C. § 983(a)(3)(A). Accordingly, the property must be promptly released to claimant. 18 U.S.C. § 983(a)(3)(B). IT IS SO ORDERED.

**ENTER:** **December 21, 2005**

_____
**Robert W. Gettleman**
**United States District Judge**