IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 3012 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| FUNDS IN THE AMOUNT OF THREE ) | |
| HUNDRED FOURTEEN THOUSAND NINE ) | |
| HUNDRED DOLLARS ($314,900.00), ) | |
| ) | |
| Defendant, ) | |
| ) | |
| SEAN KOHNEN, ) | |
| ) | |
| Claimant. ) | |

**MEMORANDUM OPINION AND ORDER**

The government has moved the court for reconsideration[1] of its memorandum opinion and order dated December 21, 2005 (the "Opinion"). In the Opinion, the court granted claimant Sean Kohnen's motion to dismiss this forfeiture action and ordered the property seized to be promptly released to claimant because the court found that the government filed this action one day beyond the 90 day limitations period prescribed by 18 U.S.C. § 983(a)(3). The court based its decision on the fact that claimant filed his claim with the Drug Enforcement Administration

---

[1] Reconsideration is an exceptional remedy that should be applied only when, "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented . . . by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law . . .; or (5) there has been a controlling or significant change in the facts." Ramada Franchise Systems, Inc. v. Royal Vale Hospitality of Cincinnati, Inc., 2004 U.S. Dist. LEXIS 240306, at *12 (N.D.Ill. Nov. 23, 2004) (citing Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)). The government fails to address these standards or under which of them it claims to be entitled to reconsideration.

("DEA") on February 17, 2005, and this action was filed on May 19, 2005, 91 days later. The facts are set forth in the Opinion and will not be repeated here.

In its motion for reconsideration, the government raises arguments that it did not raise in its response to claimant's original motion to dismiss, including setting forth "[c]ircumstances surrounding the establishment of [the] remote delivery locations and their role in the claim process." The government explains that the reason a claim is "deemed" filed when received by the DEA Asset Forfeiture Section in Arlington, Virginia, rather than when it is received by the Forfeiture Counsel in Quantico, Virginia, with whom claimant was directed by the DEA to file his claim, stems from the security concerns arising out of the anthrax incident that immediately followed the September 11, 2001, terrorist attacks. The government, in its reply in support of its motion for reconsideration, raises and develops two additional arguments for the first time. First, it complains that the court, on its own motion, converted claimant's motion to dismiss to a motion for summary judgment. Next, the government seeks to excuse any late filing because it acted in good faith in light of its legitimate security concerns.

First, with respect to the government's complaint that the court converted claimant's Rule 12(b)(6) motion to a Rule 56 motion for summary judgment, the government does not have a procedural leg to stand on. After claimant filed his motion to dismiss, which included exhibits and factual assertions outside the four corners of the complaint, the government filed a response that did exactly the same. It was obvious to the parties, as well as the court, that the question of the running of the 90 day limitations period and the timing of claimant's filing his claim were matters that had to be decided on a summary judgment record. As it turned out, the relevant

facts were uncontested, and the government has shown absolutely no prejudice by the court converting the Rule 12(b)(6) motion to a motion for summary judgment.

Next, with respect to the government's request for a "good cause" extension for any filing of its complaint, neither claimant nor this court doubt for a moment the government's good faith or the need for security precautions in receiving mail such as the claim in this case. Nevertheless, as the court noted in the Opinion, both a claimant and the government are held to strict compliance with the statutory deadlines contained in 18 U.S.C. § 983. The government is well aware of its security concerns, as well as its obligations to file complaints for forfeiture in a timely fashion. The well-known and appreciated reasons for its security concerns cannot excuse an untimely filing, particularly when relief based on such an excuse is raised for the first time in a reply brief on a motion for reconsideration.

Finally, the court has reconsidered the merits of its Opinion, and notes an error that does not, however, change the result. In its penultimate paragraph, the court stated that, "Under the statute, it is the 'receipt' that triggers the 90 day period." In fact, the statute provides that, "Not later than 90 days after a claim has been filed, the government shall file a complaint for forfeiture . . .." (Emphasis added.) 18 U.S.C. § 983(a)(3). Thus, it is the date of "filing" rather than the date of "receipt" that triggers the 90 day period. This is the very statutory language that defeats the government's position, because claimant's filing was more than 90 days before this action was filed.

The notice to the claimant of "where to file correspondence" bears repeating:

WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The asset Id referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).** (Emphasis in original).

If the first sentence in the notice had read "All submissions must be <u>received</u> <u>by</u> the Forfeiture Counsel . . .," or "All submissions must be <u>sent</u> <u>to</u> the Forfeiture Counsel . . .," the government would prevail in this matter, because the third sentence would have been the only one to specify where a claim could be "filed." The language of the notice, however, reads, "All submissions must be <u>filed</u> with the Forfeiture Counsel . . . ." (Emphasis added.) Two sentences down, the notice reads that, "A . . . claim or other correspondence will be deemed filed when actually received by the DEA Asset Forfeiture Section in Arlington, Virginia." On its face, therefore, the instructions in the notice contain two ways to "file" a claim. The first sentence directs the claimant to "file" all correspondence with the Forfeiture Counsel, while the third sentence states that a claim is "deemed filed" when actually received at Arlington, Virginia. To penalize claimant based on this confusing, ambiguous language would be improper. <u>See</u>

Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 63 (1995) (court should construe ambiguous language against the interest of the party that drafted it).[2]

Claimant in the instant case complied with the direction to "file" his claim with the Forfeiture Counsel in Quantico, Virginia. Because "filing" takes place "when [a paper] is delivered to the proper official and by him received and filed,"[3] the 90 day period began to run when that filing took place on February 17, 2005. The complaint in the instant case was filed 91 days after that date, and is therefore untimely under the statute. The motion for reconsideration is denied.

ENTER:      March 21, 2006

_____
Robert W. Gettleman
United States District Judge

---

[2] The court notes that the government cites two cases holding that a claim routed through a remote mail delivery site or mail room is not filed until received by the designated government office or agent. United States v. One GMC Yukon Denali, CV 03-6890 (C.D.Cal. Dec. 4, 2003); United States v. $800,178.70, 04-2118 (D.D.C. March 29, 2005). Neither of these cases, however, appears to involve a self-contradictory and ambiguous notice similar to the notice in the instant case.

[3] United States v. Lombardo, 241 U.S. 73, 76 (1916).